LAMAR, Justice,
Dissenting:
¶ 42. This Court will not reverse a chancellor’s decision unless her findings were “manifestly wrong or clearly erroneous.” Skates v. Bryant, 863 So.2d 907, 911 (Miss.2003) (emphasis added). And “[t]his standard [applies] even ivhen conflicting evidence was presented by the parties.” Id. (emphasis added).
¶43. The chancellor’s findings of fact and conclusions of law are, in my view, very thorough and supported by law. The majority spends nine pages of its opinion eking out evidence (on behalf of the McBrooms) that purportedly shows that Jackson County “accepted” their dedication of their land. Among the evidence relied on by the majority is a letter from 1979 that states that “Jackson county did not accept maintenance of this spillway as part of the Spring Lake Village Subdivision .... ” Yet, despite this clear language, the majority takes the phrase “Jackson County had no choice but to maintain this public way” as evidence that Jackson County affirmatively had accepted the McBrooms’ dedication. The majority also places much emphasis on Jackson County’s decision not to tax the roadway, finding that this decision “demonstrated implied acceptance.”
¶ 44. But the problem with this analysis is that the chancellor had all of this evidence in front of her, as well as the benefit of observing the parties during the trial. She issued a well-reasoned opinion supported by the law, finding it “clear that Jackson County has never formally recognized the roadway over the dam as a county road or public easement.” This Court is not to reverse her unless she committed manifest error, even in the face of conflicting evidence. In my view, the majority has taken great pains to highlight all of the evidence favorable to the McBrooms and ultimately substituted its own judgment for that of the chancellor in its finding of “implied acceptance.”
¶ 45. I must also address the majority’s statement that “the chancellor’s analysis did not take into account the common law of dedication and acceptance.” I frankly do not know how the majority can reach the conclusion that the chancellor did not “take into account” commonlaw acceptance.[4] At the conclusion of the trial, the chancellor requested that both parties submit proposed findings of fact and conclusions of law. The McBrooms’ proposed findings of fact and conclusions of law included two pages detailing the doctrine of common-law dedication and acceptance, along with the evidence they thought supported its application in this case. I do not see how the majority can so easily conclude that the chancellor did not consider this argument.
¶ 46. On the contrary, the chancellor’s own findings indicate that she did consider it. In her Judgment, the chancellor noted *842 that “[t]he Mississippi Supreme court has stated that a public road may be created by prescription, dedication or pursuant to statutory provisions.” (Emphasis added.) And later on in her Judgment, the chancellor specifically stated that “[t]he Court has already found that Jackson County never formally or impliedly accepted the roadway over the dam.” (Emphasis added.) It is clear to me that the chancellor considered the common-law dedication theory and rejected it.
¶ 47. And finally, if the majority’s sole reason for reversal here is the chancellor’s failure to “take into account” common-law acceptance (as quoted above), then the proper remedy is to reverse and remand with orders for the chancellor to do so, instead of making findings of fact based on disputed evidence and rendering judgment in favor of the McBrooms. For these reasons, I respectfully dissent.
RANDOLPH, P.J., JOINS THIS OPINION.

. To be clear, everyone agrees that the McBrooms dedicated their property to public use and that the only real issue is whether Jackson County accepted it.